UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BARBARA MATTERA, on behalf of
herself and all other similarly situated individuals,

                        Plaintiffs,

        -against-

CLEAR CHANNEL COMMUNICATIONS, INC.,
and CLEAR CHANNEL BROADCASTING, INC.,

                        Defendants.
-------------------------------------------------------------X

06 Civ. 1878 (DC)

(ECF CASE)
**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

       Plaintiff Barbara Mattera ("Mattera" or "plaintiff"), on behalf of herself and other similarly situated radio sales representatives who had their wages unlawfully deducted while employed at New York radio stations owned and operated by defendant Clear Channel Communications, Inc. ("defendants" or "CCC") and Clear Channel Broadcasting, Inc. ("defendants" or "CCB"), alleges as follows:

## NATURE OF ACTION

       1.  Plaintiff alleges, on behalf of herself and other similarly situated current and former radio sales representatives who worked for defendants at one of their New York radio stations, that they are: (i) entitled to all unauthorized deducted wages for the past six years, and (ii) liquidated damages and attorneys' fees pursuant to New York Labor Law.

## JURISDICTION AND VENUE

       2.  This Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. Sec. 1332.

3. Plaintiff is domiciled in New York and thus, for purposes of diversity jurisdiction, is a citizen of New York.

4. Defendant CCC is incorporated in the State of Texas and has its principal place of business at 200 East Basse Road, San Antonio, Texas 78209. For purposes of diversity jurisdiction, defendant CCC is a citizen of Texas.

5. Defendant CCB is incorporated in the State of Nevada and has its principal place of business at 200 East Basse Road, San Antonio, Texas 78209. For purposes of diversity jurisdiction, defendant CCB is a citizen of Nevada and Texas.

6. Defendants do business in New York as they own and operate forty-one radio stations located in the state.

7. The matter in controversy herein exceeds the sum of $5,000,000 exclusive of interest and costs.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Sec. 1391(a)(2). This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. Sec. 2201 and 2202.

## CLASS ALLEGATIONS

9. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23 (a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

10. Plaintiff brings her claim pursuant to New York Labor Law Section 193 on behalf of all persons who worked for defendants as sales representatives at one of their New York radio stations and had their wages deducted at any time after March 9, 2000 to entry of judgment in this case (the "class" and "class period," respectively) (hereinafter "plaintiff" refers to both the named plaintiff and the putative class).

11. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of the defendants, upon information and belief, there are approximately 300 members of the Class during the class period.

12. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claim of the representative party is typical of the claims of the class. The representative party will fairly and adequately protect the interests of the Class.

13. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit against large, multi-national corporate defendants. Defendants have acted on grounds generally applicable to the class thereby making declaratory relief appropriate for the class.

14. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

(a) whether defendants' policy of "charging back" commissions earned by sales representatives if defendants do not receive payment from the purchasing advertising agency or client within 120 days of billing is in violation of New York Labor Law Section 193;

(b) whether defendants, without plaintiff's express written authorization, deducted wages from her paycheck if defendants did not receive payment from the agency or client within 120 days of billing; and

(c) whether defendants eventually received payment from the agency or client after the

120 day period and after deducting wages from plaintiff's paycheck and then failed to repay the wages illegally deducted.

## PARTIES

15. Plaintiff Barbara Mattera is an adult individual residing in the City of New York and the County of Queens. At all relevant times herein, Mattera was employed as a sales representative at one of the New York radio stations owned and operated by the defendants.

16. Defendant Clear Channel Communications, Inc. ("CCC") is a global media and entertainment company based in San Antonio, Texas that owns and operates over 1,200 radio stations in the United States and 41 in New York.

17. Defendant Clear Channel Broadcasting, Inc. ("CCB") is a subsidiary of CCC that controls the radio and television segments of its parent company. By selling air time, CCC and CCB provide its advertisers with sales and marketing opportunities for their products and services.

18. Defendants are individually, jointly and severally liable as the employer of the named plaintiff and each plaintiff class member because each defendant directly or indirectly, or through an agent, employee, representative or any other person, employed or exercised control over the wages and compensation policies paid to and imposed upon plaintiff.

19. Unless otherwise alleged herein, all of defendants' employees were acting as agents in doing the things alleged in this complaint and, as such, were acting within the course and scope of that agency and employment.

## FACTS

20. Founded in 1972 and now one of the largest media companies in the world, defendant CCC operates in three segments: Radio Broadcasting, Outdoor Advertising and Live

Entertainment. Defendant CCB operates and controls the radio broadcasting part of the business.

21. As part of the radio broadcasting business, defendants own and operate radio stations, forty-one of which are located in New York.[1]

22. In order to generate revenue to support the operation of the radio broadcasting business, defendants employ many individuals, such as plaintiff, to work as sales representatives at each of their radio stations.

23. From January 2002 to September 2004, Plaintiff was paid a draw against commissions as a sales representative for WHTZ (Z-100) and WWPR (Power 105/Jammin' 105), two New York City radio stations owned and operated by defendants.

24. As sales representatives, plaintiff and other plaintiff class members employed by defendants were required to sell radio advertising spots or air time to advertising agencies, media buying services and large corporate clients to market and sell their products and services.

25. Once a deal was reached with the client, plaintiff and other plaintiff class members would execute a contract or order, put it in the system and forward same to defendants' billing office.

26. Defendants' policy was, and upon information and belief, continues to be, to send invoices to the client every thirty days after the radio advertising spot is aired until payment is received.

27. Defendants paid plaintiff and all other plaintiff class members as wages a modest

---

[1] The radio stations defendants own are located in Albany (WGY-AM, WHRL-FM, WKKF-FM, WOFX-FM, WPYX-FM, WRVE-FM and WTRY-FM); Binghamton (WBBI-FM, WENE-AM, WINR-AM, WKGB-FM, WMRV-FM and WMXW-FM); Nassau/Suffolk (WALK-AM/FM); New York City (WAXQ-FM, WHTZ-FM, WKTU-FM, WLTW-FM, WWPR-FM, and WTJM-FM); Poughkeepsie (WRWD-FM, WBWZ-FM, WBPM-FM and WGHQ-AM); Rochester (WHAM-AM, WHTK-AM, WKGS-FM, WLCL-FM, WMAX-FM, WNVE-FM and WVOR-FM) Syracuse (WBBS-FM, WHEN-AM, WSRY-AM, WHHT-FM and WYYY-FM) and Utica (WADR-AM, WOUR-FM, WRFM-FM, WRNY-AM, WSKS-FM and WUTQ-AM).

biweekly draw against commissions earned for their work as sales representatives. Commissions were paid the month following the execution of the contract with the client and the airing of the advertising spot.

28. Commissions earned by plaintiff and the other plaintiff class members were an essential part of their wages and non-discretionary.

29. Plaintiff and plaintiff class members pay state and federal wage type taxes on all money earned as commission.

30. Although defendants sent invoices to clients every thirty days until paid, some clients failed to make their payment within 120 days. Mattera reasonably believes that established corporate clients of hers, such as Pepsi, Anheuser Busch and Miramax, paid defendants more than 120 days after billing.

31. Defendants' policy was, and continues to be, to deduct 100% of wages earned from plaintiff and plaintiff class members' commissions from prior sales when the client fails to pay within 120 days of the billing. Defendants call these unlawful deductions, made without plaintiff and plaintiff class members' authorization, "charge backs."

32. Defendants "charged back" or deducted thousands of dollars in earned wages from Mattera due to the aforementioned clients' late payment of their invoice.

33. In the case of what defendants call "charge backs," the commissions earned and paid to plaintiff and plaintiff class members were, and continue to be, deducted from the next available paycheck if the client failed to pay the amount owed on the invoice within 120 days of billing. As a result, plaintiff and plaintiff class members suffered substantial financial losses through no fault of their own if defendants' clients paid late or failed to pay for the services rendered.

34. By deducting plaintiff and plaintiff class members' earned and paid wages to reflect a client's failure to pay for services or timely pay for services, defendants are violating New York Labor Law Section 193.

35. Because most of defendants' clients are agencies and corporate clients they have longstanding relationships with, plaintiff and plaintiff class members reasonably believe that defendants eventually receive payment on those 120 day aged invoices that plaintiffs are "charged back" on.

36. Upon information and belief, rather than reverse the "charge back" or unlawful deduction after receiving late payment (after the 120 day period), defendants retain said payment and plaintiffs receive no compensation for their work efforts.

37. Plaintiff and plaintiff class members did not authorize defendants, expressly or otherwise, to deduct their earned and paid commissions if the client failed to pay defendants or paid after the 120 day period elapsed.

## FIRST CAUSE OF ACTION

38. Plaintiff and plaintiff class members incorporate by reference all paragraphs set forth above in this Complaint, as if fully set forth herein.

39. At all times relevant to this action, plaintiff and plaintiff class members were employed by defendants within the meaning of New York Labor Law Article 6.

40. New York Labor Law Section 193, entitled "Deductions from Wages," provides in pertinent part as follows: "No employer shall make any deduction from the wages of an employee, except deductions which: b) are expressly authorized in writing by the employee and are for the benefit of the employee;...".

41. By the conduct described above, defendants have unlawfully deducted earned and

paid wages from plaintiff and plaintiff class members in violation of New York Labor Law Section 193.

42. Defendants acted willfully and with reckless indifference to the statutory rights of plaintiff and plaintiff class members.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

a. Certify this case as a class action pursuant to Fed.R.Civ. P. 23(b)(2) and (3);

b. Declare defendants' conduct complained of herein to be in violation of the plaintiff and plaintiff class members' rights under the New York State Labor Law;

c. Return all wages unlawfully deducted from plaintiff and plaintiff class members from March 9, 2000 to the date of entry of judgment; and

d. Award plaintiff and plaintiff class members liquidated damages, reasonable attorneys' fees and the costs of this action pursuant to New York State Labor Law Section 198.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed.R.Civ.P. 38(b), plaintiff demands a trial by jury on all questions of fact raised by the complaint herein.

Dated: New York, New York
    March 9, 2006            Respectfully submitted,

                 By:   __/s/_____
                       Bruce E. Menken (BEM 1140
                       BERANBAUM MENKEN BEN-ASHER
                       & BIERMAN LLP
                       80 Pine Street
                       New York, New York 10005
                       212-509-1616

  ___/s/_____
  Oren Giskan (OG 3667)
  GISKAN & SOLOTAROFF
  207 West 25th Street, 4th Floor
  New York, New York 10001
  212-847-8315