**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
BARBARA MATTERA, on behalf of herself     :
and all other similarly situated individuals,     :
    :
                Plaintiff,     :            06 CV 1878 (DC)
    :
      -against-     :
    :
CLEAR CHANNEL COMMUNICATIONS, INC., :        *Electronically Filed*
and CLEAR CHANNEL BROADCASTING, INC., :
    :
               Defendants.     :
-------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT,
## AND IN THE ALTERNATIVE TO DISMISS PLAINTIFF'S CLASS CLAIM

Christopher Parlo (CP-4310)
Michael J. Puma (MP5573)
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000
Fax: (212) 309-6001
E-Mail: cparlo@morganlewis.com
          mpuma@morganlewis.com\

*Attorneys for Clear Channel Communications, Inc.*
*and Clear Channel Broadcasting, Inc.*

# TABLE OF CONTENTS

**Page**

ARGUMENT.............................................................................................................................3

I.      THE COMPLAINT MUST BE DISMISSED UNDER RULE 12(B)(7)
        BECAUSE IT FAILS TO NAME A NECESSARY AND INDISPENSABLE
        PARTY - PLAINTIFF'S EMPLOYER, CAPSTAR –WHICH CANNOT BE
        NAMED WITHOUT DIVESTING THE COURT OF ITS JURISDICTION. .................3

II.     PLAINTIFF'S CLASS CLAIM UNDER THE LABOR LAW MUST BE
        DISMISSED BECAUSE IT VIOLATES SECTION 901(b) OF THE CPLR .................13

        A.      CPLR Section 901(B) Bars Plaintiff's Class Claim Under The Labor Law ........14

        B.      Plaintiff Cannot Avoid The Effect Of Section 901(b) By Attempting To
                Waive Her Claim For Liquidated Damages Under The New York Labor
                Law. .............................................................................................................16

CONCLUSION .......................................................................................................................22

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

#### United States Supreme Court Cases

Board of Pardons v. Allen,
482 U.S. 369 (1987) .......................................................................................... 18

Hewitt v. Helms,
459 U.S. 460 (1983) .......................................................................................... 18

Provident Tradesmens Bank & Trust Co. v. Patterson et al.,
390 U.S. 102 (1968) ........................................................................................ 4, 10

United Mine Workers v. Gibbs,
383 U.S. 715 (1966) .......................................................................................... 4

#### United States Court of Appeals Cases

Blue Cross and Blue Shield of N.J., Inc. v. Philip Morris USA Inc.,
344 F.3d 211 (2d Cir. 2003) ............................................................................ 14, 19

Cushing v. Moore,
970 F.2d 1103 (2d Cir. 1992) ............................................................................ 4

Deeper Life Christian Fellowship, Inc. v. Sobol,
948 F.2d 79 (2d Cir. 1991) .............................................................................. 14, 19

Dibella v. Hopkins,
403 F.3d 102 (2d Cir. 2005) ............................................................................ 14, 19

Freeman v. Northwest Acceptance Corp.,
754 F.2d 553 (5th Cir. 1985) ........................................................................ 3, 11, 13

Golden Pacific Bancorp v. FDIC,
375 F.3d 196 (2d Cir. 2004) ............................................................................ 18

Harsco Corp. v. Segui,
91 F.3d 337 (2d Cir. 1996) .............................................................................. 4

Locklin v. Day-Glo Color Corp.,
429 F.2d 873 (7th Cir. 1970) ............................................................................ 16

Pahuta v. Massey-Ferguson, Inc.,
170 F.3d 125 (2d Cir. 1999) ............................................................................ 14, 19

Rogers v. City of Troy,
148 F.3d 52 (2d Cir. 1998) ................................................................................... 16

Sun Theaters Corp. v. RKO Radio Pictures, Inc.,
213 F.2d 284 (7th Cir. 1954) ............................................................................... 16

Universal Acupuncture Pain Services, P.C. v. Quadrino & Schwartz, P.C.,
370 F.3d 259 (2d Cir. 2004) .......................................................................... 14, 19

**United States District Court Cases**

Avon Cosmetics (FEBO) Ltd. v. New Hampton, Inc.,
No. 90 Civ. 7208 (RLC), 1991 U.S. Dist. LEXIS 6869 (S.D.N.Y. May 22, 1991) .................... 10

Boise Cascade Corp. v. Wheeler,
419 F. Supp. 98 (S.D.N.Y. 1976) ................................................................... 10, 12

In re Brooklyn Navy Yard Asbestos Litigation,
971 F.2d 831 (2d Cir. 1992) .......................................................................... 14, 19

Chesco Co. et al. v. National Gypsum Co.,
649 F. Supp. 65 (E.D.N.Y. 1986) .................................................................... 10, 12

Clark v. Experian Information Solutions, Inc.,
Civ. A.8:00-1217-24, 2001 WL 1946329 (D.S.C. Mar. 19, 2001) ............................... 22

D'Ambrosi v. Bayly, Martin & Fay, International Inc.,
86 Civ. 5368, 1987 WL 7935 (S.D.N.Y. Mar. 10, 1987) .................................... 5, 6, 10

Dornberger v. Metropolitan Life Insurance Company et al.,
182 F.R.D. 72 (S.D.N.Y. 1999) ........................................................................... 13

Ente Nazionale Indrocarburi v. Prudential Securities Group, IAC,
744 F. Supp. 450 (S.D.N.Y. 1990) ..................................................................... 4, 6

Feinstein v. Firestone Tire and Rubber Co.,
535 F. Supp. 595 (S.D.N.Y. 1982) ....................................................................... 20

Felix Cinematrografica v. Penthouse International, Ltd,
99 F.R.D. 167 (S.D.N.Y. 1983) .................................................................... 3, 11, 12

Foster v. The Food Emporium,
No. 99 CIV 3860, 2000 U.S. Dist. LEXIS 6053 (S.D.N.Y. Apr. 26, 2000) ................. 21

Global Discount Travel Services, LLC,
960 F. Supp. 701 (S.D.N.Y. 1997) ................................................................ 5, 6, 12

In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation,
209 F.R.D. 323 (S.D.N.Y. 2002) ................................................................. 20

Leider v. Ralfe,
387 F. Supp. 2d 283 (S.D.N.Y. 2005) ......................................................... 17

Lopez v. Shearson America Express, Inc. et al.,
684 F. Supp. 1144 (D.P.R. 1988) ............................................................ 10, 11

Nowakowski v. Kolhberg et al.,
No. 89 Civ. 5621, 1991 U.S. Dist. LEXIS 107 (S.D.N.Y. Jan. 8, 1991) ...................... 10

Polanco v. H.B. Fuller,
941 F. Supp. 1512 (D. Minn. 1996) .......................................................... 10

Shimkin v. Tompkins McGuire, Wachenfeld & Barry,
02 Civ. 9731, 2003 WL 21964959 (S.D.N.Y. Aug. 19, 2003) ............................... 12

Smith v. Kessner,
183 F.R.D. 373 (S.D.N.Y. 1998) ............................................................. 11

Thompson v. America Tobacco Co., Inc.,
189 F.R.D. 544 (D. Minn. 1999) ............................................................ 20

Torrington Co. v. Yost,
139 F.R.D. 91 (D.S.C. 1991) ................................................................. 6

Western States Wholesale, Inc. v. Synthetic Industrial, Inc.,
206 F.R.D. 271 (C.D. Cal. 2002) ............................................................ 20

## STATE CASES

Asher v. Abbott Laboratories,
737 N.Y.S.2d 4 (App. Div. 2002) ............................................................ 17

Ballard v.  Community Home Care Referral Serv. Inc.,
695 N.Y.S.2d 130 (2d Dep't 1999) .......................................................... 13

Carter v. Frito-Lay, Inc.,
425 N.Y.S.2d 115 (1st Dep't 1980), aff'd, 52 N.Y.2d 994 (1981) .............................. 15

Carter v. Frito-Lay, Inc.,
425 N.Y.S.2d 115 (1st Dep't 1980) .......................................................... 19

Caruso v. Allnet Commc'ns Services Inc.,
662 N.Y.S.2d 468 (1st Dep't 1997) ................................................................... 14

City of San Jose v. Superior Court,
12 Cal. 3d 447 (Cal. Sup. Ct. 1974) ................................................................. 20

Cox v. Microsoft Corp.,
737 N.Y.S.2d 1 (1st Dep't 2002) ....................................................................... 17

Janik v. Rudy, Exelrod & Zieff,
119 Cal. App. 4th 930 (2004) ............................................................................ 20

Losurdo v. Asbestos Free, Inc.,
1 N.Y.3d 258, 265 (2003) .................................................................................. 18

Paltre et al. v. General Motors Corp., et al.,
810 N.Y.S.2d 496 (2d Dep't 2006) .................................................................... 13

Rubin v. Nine West Group, Inc.,
No. 0763/99, 1999 WL 1425364 (N.Y. Sup. Ct. Nov. 3, 1999)................... 17, 18

Rudgayzer & Gratt v. Cape Canaveral Tour and Travel, Inc. et al.,
799 N.Y.S.2d 795 (2d Dep't 2005) .................................................................... 13

Russo & Dubin v. Allied Maintenance Corp.,
407 N.Y.S.2d 617 (N.Y. Sup. Ct. 1978) ............................................................ 17

Small v. Lorillard Tobacco Co.,
679 N.Y.S.2d 593 (1st Dep't 1998), aff'd, 94 N.Y.2d 43 (1999)................... 20, 22

Sperry v. Crompton Corp. et al.,
810 N.Y.S.2d 498 (2d Dep't 2006) .................................................................... 13

Tegnazian v. Consolidated Edison, Inc.,
730 N.Y.S.2d 183 (N.Y. Sup. Ct. 2000).............................................................. 20

Woods v. Champion Courier, Oct. 9, 1998 N.Y.L.J. 26 .................................... 15

## STATUTES AND RULES

28 U.S.C. § 1332 ....................................................................................... 3, 8, 9, 10

28 U.S.C. § 1711 et seq .......................................................................................... 8

Bus. Law. § 340(5) ............................................................................................... 17

Fed. R. Civ. P. 12(b)(7) ................................................................................... 4

Fed. R. Civ. P. 19 ................................................................................... 4, 6, 7, 10

N.Y. Lab. Law § 198 ................................................................................... 14, 18

N.Y. CLS Labor § 1, et seq ................................................................................... 15

N.Y. CPLR § 901(b) (2005) ................................................................................... 2, 13, 25

N.Y. General Business Law § 340 ................................................................................... 13

## LEGISLATIVE HISTORY

Public Law 109-2, Feb. 18, 2005, 119 Stat. 5 ................................................................................... 8

S. Rep. 109-14, at 28 (Feb. 28, 2005) ................................................................................... 8

S. Rep. 109-14, at 39 (Feb. 28, 2005) ................................................................................... 9

S. Rep. No. 109-14, at 4 (Feb. 28, 2005) ................................................................................... 8

Defendants Clear Channel Communications, Inc. ("CCC") and Clear Channel Broadcasting, Inc. ("CCB") (collectively, "Defendants") hereby move, under Federal Rules of Civil Procedure 12(b)(6) and (7), to dismiss the Complaint, and, in the alternative, to dismiss Plaintiff's purported class action claim brought under the New York Labor Law.

## PRELIMINARY STATEMENT[1]

Plaintiff Barbara Mattera ("Plaintiff") seeks to bring a class action on behalf of herself and other Account Executives (referred to in the Complaint as Sales Representatives), claiming that Defendants violated the New York Labor Law (the "Labor Law") by allegedly making unlawful deductions from their wages. Complaint ("Compl.") ¶ 41 (a copy of which is attached as Exhibit ("Ex.") 1 to the affidavit of Michael J. Puma (the "Puma Aff.") filed herewith). Plaintiff demands reimbursement for such alleged deductions and, significantly, liquidated damages. Compl., Prayer for Relief. Defendants submit this memorandum in support of their motion to dismiss the Complaint because Plaintiff has failed to name an indispensable party whose inclusion in this action would divest the Court of jurisdiction, and, in the alternative, to dismiss Plaintiff's purported class claim because Section 901(b) of the New York Civil Practice Law and Rules ("CPLR § 901(b)") bars that claim.

Plaintiff's Complaint should be dismissed because she failed to name an indispensable party in the action. Capstar Radio Operating Company ("Capstar") owns the radio stations and leases the facilities at which Plaintiff and most of the putative class members are or were employed, it is Capstar's compensation structure that is at issue, and Capstar is, at a minimum, a joint employer of Plaintiff and the other putative class members. Curiously, however, Capstar is not named as a Defendant. On May 25, 2006, the Court gave Plaintiff an opportunity to rectify

---

[1] This factual recitation is based solely on the allegations of the Complaint. Although Defendants deny many of the allegations, the averments are not contested for purposes of this Motion.

this omission and asked her to carefully consider amending her Complaint to add Capstar and/or AMFM New York, Inc. ("AMFM") as parties to the action.  To date, Plaintiff has not done so.

Failure to join Capstar in the instant matter would leave the Defendants and Capstar open to the risk of incurring inconsistent obligations, and potentially faced with collateral estoppel as to subsequent claims brought by Sales Representatives who opt out of Plaintiff's purported class action.  Therefore, Capstar is a necessary and indispensable party as defined under Federal Rule of Civil Procedure 19 ("FRCP 19").  However, Capstar's principle place of business is New York and it cannot be joined without divesting the Court of its jurisdiction.  Plaintiff and her putative class members are New York residents, pursuing New York State law claims involving alleged deductions by a New York corporation.  They have no factual or legal basis for proceeding in federal court.  Accordingly, because Plaintiff has failed to name the direct employer of her and the putative class members in an action for the recovery of unpaid compensation by that employer, Plaintiff's Complaint must be dismissed.[2]

Additionally, if this action is not dismissed in its entirety, Plaintiff's purported class claim still must be dismissed.  Although Plaintiff is free to press her claims individually in the New York State courts, her class claim must be dismissed as a matter of law because, under CPLR § 901(b), she cannot pursue a class claim seeking liquidated damages for an alleged violation of the Labor Law.  CPLR § 901(b) provides that where a claim is brought under a statute which creates or imposes a penalty, the claim may not be maintained as a class action unless the statute specifically authorizes the recovery of penalties thereunder in a class action.  The Labor Law mandates a penalty in the form of liquidated damages, but does not specifically authorize claims thereunder to be brought as a class action.  Thus, Plaintiff cannot assert a class claim under the Labor Law.

---

[2]  Notably, Plaintiff would not be left without any recourse as she could proceed on her claims in the New York State courts.

This Court gave Plaintiff the opportunity to try to avoid this class action bar by amending her Complaint to waive her liquidated damages claim on or before July 3, 2006, but Plaintiff refused to do so. Moreover, even if Plaintiff had done so, she cannot avoid the bar to her class claim under CPLR § 901(b) by simply waiving her claim for liquidated damages. It is well-settled in the New York State appellate courts, whose interpretations are authoritative as to issues of New York State law, that a plaintiff may not circumvent CPLR § 901(b) by attempting to waive a mandatory penalty. Even if Plaintiff could waive liquidated damages under the New York Labor Law on behalf of herself and the purported class members, that action would render her an inadequate class representative. Accordingly, Plaintiff's class claim should be dismissed as a matter of law as violative of CPLR § 901(b).

## ARGUMENT

**I.    THE COMPLAINT MUST BE DISMISSED UNDER RULE 12(B)(7) BECAUSE IT FAILS TO NAME A NECESSARY AND INDISPENSABLE PARTY – PLAINTIFF'S EMPLOYER, CAPSTAR – WHICH CANNOT BE NAMED WITHOUT DIVESTING THE COURT OF ITS JURISDICTION.**

Two critically important judicial principles combine in this case to compel the dismissal of the Complaint: (1) the parameters of diversity jurisdiction; and (2) the necessity of joining indispensable parties. As to diversity jurisdiction, federal courts are "courts of limited jurisdiction," and, in any action premised on diversity jurisdiction under 28 U.S.C.A. § 1332(a), the court must have complete diversity amongst the adverse parties to avoid dismissal for a lack of subject matter jurisdiction. See Felix Cinematrografica v. Penthouse Int'l, Ltd, 99 F.R.D. 167, 172 (S.D.N.Y. 1983) (noting that there is a "strong congressional policy that diversity jurisdiction is available only when the statutory requirements are clearly met"); Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 555 (5th Cir. 1985) (noting that diversity jurisdiction was never intended to extend to the review of essentially local disputes). The complete diversity requirement is satisfied only when all plaintiffs in an action are diverse in

citizenship from all defendants. See Harsco Corp. v. Segui, 91 F.3d 337, 348 n.8 (2d Cir. 1996)

(dismissing breach of contract claim in which at least one plaintiff and one defendant were

residents of the same state); Cushing v. Moore, 970 F.2d 1103, 1106 (2d Cir. 1992) (same).

As to the joinder of indispensable parties, the Supreme Court has observed that "joinder

of claims, parties and remedies is strongly encouraged." United Mine Workers v. Gibbs, 383

U.S. 715, 724, 86 S. Ct. 1130 (1966) (emphasis added). Indeed, the "optimum solution" is

adjudication of actions with all interested persons participating. See Provident Tradesmens Bank

& Trust Co. v. Patterson et al., 390 U.S. 102, 108, 88 S. Ct. 733 (1968). Accordingly, under Fed.

R. Civ. P. 12(b)(7), a complaint is subject to dismissal for failure to join a party if required under

Fed. R. Civ. P. 19. See Fed. R. Civ. P. 12(b)(7). Under Rule 19, plaintiffs must join any parties

who are considered necessary and indispensable to the action. Fed. R. Civ. P. 19. If, however, a

party is found to be both necessary and indispensable under Rule 19, and their inclusion would

divest the court of diversity jurisdiction, the action must be dismissed under Rule 12(b)(7). See,

e.g., Ente Nazionale Indrocarburi v. Prudential Securities Group, IAC, 744 F. Supp. 450, 461

(S.D.N.Y. 1990).

To determine whether a party is "necessary" and "indispensable" under Rule 19, a two-

pronged test, set forth in subsections (a) and (b), respectively, is applied.

Under subsection (a), an absent party is "necessary" and should be joined where:

(1)     in the person's absence complete relief cannot be accorded among those already
        parties, or

(2)     the person claims an interest relating to the subject of the action and is so situated
        that the disposition of the action in the person's absence may

    (i)     as a practical matter impair or impede the person's ability to protect that
            interest or

    (ii)    leave any of the persons already parties subject to a substantial risk of
            incurring double, multiple, or otherwise inconsistent obligations by reason
            of the claimed interest.

Fed. R. Civ. P. 19(a) (emphasis added).

The "complete relief" clause of Rule 19(a)(1) addresses the interests of the existing parties in the action and "stress[es] the desirability of joining those persons in whose absence the court would be obliged to grant partial relief . . . to the parties before the court. . . . [and] that of the public in avoiding repeated lawsuits on the same essential subject matter." Global Discount Travel Servs., LLC, 960 F. Supp. 701, 708 (S.D.N.Y. 1997) (citing Advisory Committee notes on Rule 19(a)(1)). With respect to Rule 19(a)(1), it is axiomatic that "complete relief" cannot be provided to former employees bringing claims for compensation owed during the course of their employment without bringing their employer as a named defendant. See, e.g., D'Ambrosi v. Bayly, Martin & Fay, Int'l Inc., 86 Civ. 5368, 1987 WL 7935, at * 3 (S.D.N.Y. Mar. 10, 1987) (dismissing action under Rule 12(b)(7) where plaintiff improperly named parent company and not subsidiary-employer in compensation-related action).

Capstar clearly qualifies as a necessary and indispensable party if joinder were permissible. First, Plaintiff cannot obtain complete relief in the absence of Capstar. The Complaint includes a demand for injunctive relief – a declaration that Capstar's compensation system for the putative class is unlawful. Compl. ¶ Prayer for Relief (b). Although Mattera alleges (incorrectly) that Clear Channel employed her, Capstar certainly employs all of the current Account Executives in New York City (all putative class members) and there is no allegation to the contrary. For instance, Capstar owns the New York City radio stations. See Affidavit of Scott Bick ("Bick Aff.") ¶¶ 3, 6-7, a copy of which is attached as Ex. 2 to the Puma Aff. In addition, the various lease agreements for the New York City radio stations plainly state that Capstar (not CCC or CCB) leases the facilities where the stations operate and the Account Executives work. See Affidavit of Josh Hadden ¶¶ 2-3, attached as Ex. 3 to the Puma Aff. Significantly, it is Capstar (not CCC or CCB) that pays both the Account Executives and the supervisors who control their day-to-day activities. See Second Affidavit of Scott Bick ("2d.

Bick Aff.") ¶ 2, attached as Ex. 4 to the Puma Aff.  Indeed, the quarterly New York withholding

tax return recently filed for Capstar reflects the payment of over $7 million in wages by Capstar

to Account Executives and other radio station employees in New York during the first quarter of

2006.[3]  See 2d. Bick Aff. (Puma Aff., Ex. 4) ¶ 3.  For all these reasons, it is Capstar, not Clear

Channel, who must be subject to any injunction intended to alter the terms and conditions of

employment of the current employee putative class members in New York City.

Subsection 19(a)(2) requires an analysis of the absent party's claim in the subject matter

of the action, as well as of the risk of existing parties incurring multiple and/or inconsistent legal

obligations.  See Fed. R. Civ. P. 19(a)(2).  In conducting this analysis, courts have concluded that

an absent employer is a necessary party to an action for employment-related compensation

and/or benefits because of the absent employer's interest in its compensation and benefits-related

actions.  D'Ambrosi, 1987 WL 7935, at * 3 (granting motion to dismiss on 12(b)(7) grounds in

compensation dispute where subsidiary-employer, the actual employer, had an interest in its

compensation structure); Torrington Co. v. Yost, 139 F.R.D. 91, 93 (D.S.C. 1991) (finding that a

subsidiary which was plaintiff's actual employer was a necessary party).  See also Global

Discount Travel Servs., 960 F. Supp. at 708.  Defendants could also face "significant risk" of

numerous additional lawsuits by other Capstar employees and other related companies, such as

AM/FM, based on similar allegations – even though Defendants did not own the radio stations

where the employees were employed.  See Ente Nazionale Indrocarburi, 744 F. Supp. at 461

(S.D.N.Y. 1990) (noting that, under Rule 19(a), foreign defendant corporations named in an

amended complaint could be subject to suit in their jurisdictions on identical claims absent the

inclusion of the unnamed party).

---

[3]    Provided Plaintiff executes an appropriate confidentiality agreement, Defendants are
prepared to produce this return to Plaintiff and file it with the Court under seal.  However,
Defendants were unable to obtain Plaintiff's consent to a confidentiality agreement prior to the
deadline for filing the instant motion.

Capstar also has a strong interest relating to the subject of the action, that it would be unable to protect without being a named party in the lawsuit. Fed. R. Civ. P. 19(a)(2)(i).  Many of the putative class members are Capstar's current employees, and such individuals purportedly demand significant changes to the compensation system and chargeback policies of the stations owned and operated by Capstar.  If Plaintiff's claims are successful, it would significantly impact all of Capstar's current employees.

Moreover, disposition of this action without Capstar as a party would significantly impair Capstar's ability to protect its interests in subsequent litigation.  Specifically, determinations by this Court on the legal issues of:  (1) whether a class may be certified; (2) whether amounts subjected to alleged "chargebacks" during commission calculations constitute "wages" within the meaning of the New York Labor Law; and (3) whether such "chargebacks" are impermissible wage deductions, could have a preclusive effect in any subsequent litigation against Capstar. Moreover, if Plaintiff successfully certifies a class, and prevails against Clear Channel without Capstar as a party, putative class members who opt out could then sue Capstar and attempt to obtain relief based on this Court's determinations in the instant action.  If, on the other hand, Plaintiff loses in the present action without joining Capstar, she could simply turn around and sue Capstar for a second bite at the apple, and Capstar may then implead Clear Channel.  As a result, the second prong of 19(a)(2) is also clearly satisfied – failing to add Capstar as a party to this action not only would impede Capstar's ability to protect itself, but also would subject Clear Channel to the risk of double, multiple or otherwise inconsistent obligations.[4]

Because Capstar is a "necessary" party, the Court must next consider whether it is "feasible" to join Capstar as a party. Fed. R. Civ. P. 19(b).  It is not feasible to join Capstar,

---

[4]   Notably, it was the Court who raised doubt about Plaintiff's failure to include Capstar in this action, as well as its jurisdiction in this case, in light of the possible lack of complete diversity (since Plaintiffs and Capstar are both residents of New York).

however, because doing so would divest this Court of subject matter jurisdiction. In that regard, there is no dispute that Mattera is a citizen of New York (Compl. ¶ 3), and the putative class members are entirely (or at least primarily) citizens of New York because they all work or worked in New York. Compl. ¶ 10. Capstar has its principal place of business in New York. Bick Aff. (Puma Aff., Ex. 2), Ex. 1 ¶ 5. Thus, there is no jurisdiction based on diversity.

Plaintiff has suggested that there may nevertheless be jurisdiction under the Class Action Fairness Act., 28 U.S.C. § 1711 et seq. ("CAFA"), which was enacted to provide federal court consideration for interstate cases of national importance – which is not the case here. 28 U.S.C § 1332; Public Law 109-2, Feb. 18, 2005, 119 Stat. 5 (describing a primary purpose of the act as providing for federal jurisdiction over cases of national importance). As a threshold matter, Plaintiffs have pled jurisdiction based only on diversity, Compl. ¶ 2, and the Complaint is devoid of allegations sufficient to establish jurisdiction under CAFA. Moreover, CAFA includes a "Local Controversy" exception to federal jurisdiction for cases, like this one, which are truly local in nature.

Before applying the elements "Local Controversy" to this case, it is helpful to review the purposes of CAFA and diversity jurisdiction generally. First, diversity jurisdiction is intended to protect a defendant, not a plaintiff, from "state court provincialism against out-of-state defendants." S. Rep. No. 109-14, at 4 (Feb. 28, 2005). Second, a fundamental purpose of CAFA is to ensure that truly national class actions remain in federal court to avoid federalism concerns associated with one state's courts dictating the law applicable to class members from other states. Senate Report 109-14 at 23-24 (Feb. 28, 2005). With these concepts in mind, Congress made clear that the "Local Controversy" exception is "intended to ensure that state courts can continue to adjudicate truly local controversies in which some of the defendants are out-of-state corporations." S. Rep. 109-14, at 28 (Feb. 28, 2005). In that regard, Congress specifically

observed that "class actions with a truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes." S. Rep. 109-14, at 39 (Feb. 28, 2005). Here, although there is no challenge at this time that CCC and CCB (both out-of-state corporations) are not appropriate parties along with Capstar, there can be no doubt that this action is a "truly local controversy" in that it involves a New York citizen representative Plaintiff and all New York citizen class members, who are litigating claims under a New York state statute, relating to their employment at New York radio stations, and alleged deductions from wages paid by a New York corporation (Capstar). See supra at 6.

CAFA's "Local Controversy" exception provides that a district court shall decline to exercise jurisdiction over a class action in which: (1) greater than two-thirds of the proposed plaintiffs are citizens of the State in which the action was originally filed; (2) at least one defendant is a defendant: (i) from whom significant relief is sought; (ii) whose alleged conduct forms a significant basis for the claims asserted; and, (iii) who is a citizen of the State in which the action was originally filed; and (3) principal injuries resulting from the alleged conduct were incurred in the State in which the action was originally filed. 28 U.S.C. § 1332(d)(2). Each of these elements is readily satisfied here.

Plaintiff seeks class status on behalf of "sales representatives" employed at New York radio stations, and brings suit under New York's Labor Law. More than two-thirds, if not all, purported plaintiffs in this action are citizens of New York. As discussed above, Capstar owns the stations where Plaintiff worked and is a New York company. As also discussed above, Capstar continues to pay and control the compensation at issue for the sales representatives. Therefore, Capstar's conduct forms a significant basis for the claims in this action and makes it liable for the relief sought if Plaintiff succeeds. As such, Plaintiff's Labor Law claim relates

significantly to the alleged conduct of New York entities, involves the interpretation of the New York Labor Law, and uniquely affects New York State to the exclusion of all other states.

Therefore, any attempt to invoke CAFA must fail under the local controversy exception. 28 U.S.C. § 1332(d)(4).

Because it is not feasible to join Capstar, the Court must evaluate whether "in equity and good conscience the action should proceed." Fed. R. Civ. P. 19(b). The Court must consider four factors: (1) to what extent a judgment rendered in Capstar's absence might be prejudicial to those already parties; (2) the extent to which prejudice can be lessened or avoided; (3) whether a judgment rendered in Capstar's absence will be adequate; and (4) whether Plaintiff has an adequate remedy in another forum.[5] Fed. R. Civ. P. 19(b). Courts <u>routinely</u> dismiss actions where a subsidiary (Capstar) is an indispensable party to an action against its parent (CCC). <u>See, e.g.</u>, <u>Avon Cosmetics (FEBO) Ltd. v. New Hampton, Inc.</u>, No. 90 Civ. 7208 (RLC), 1991 U.S. Dist. LEXIS 6869, at *6-15 (S.D.N.Y. May 22, 1991) (dismissing action pursuant to Rule 19(b) for failure to join subsidiary); <u>Nowakowski v. Kolhberg et al.</u>, No. 89 Civ. 5621, 1991 U.S. Dist. LEXIS 107, *7-15 (S.D.N.Y. Jan. 8, 1991) (same); <u>D'Ambrosi v. Byly, Martin & Fay, Int'l</u>, 1987 WL 7935 (S.D.N.Y. Mar. 9, 1987) (same); <u>Boise Cascade Corp. v. Wheeler</u>, 419 F. Supp. 98, 101-103 (S.D.N.Y. 1976) (same); <u>Polanco v. H.B. Fuller</u>, 941 F. Supp. 1512, 1520-23 (D. Minn. 1996) (same); <u>Chesco Co. et al. v. Nat'l Gypsum Co.</u>, 649 F. Supp. 65, 66 (E.D.N.Y. 1986) (same); <u>Lopez v. Shearson Am. Express, Inc. et al.</u>, 684 F. Supp. 1144, 1149-50 (D.P.R.

---

[5]    In addition, the Supreme Court has defined four similar "interests" to be evaluated: (1) the interest of a plaintiff in having a forum for relief, (2) the desire of a defendant to avoid multiple litigation or inconsistent relief, (3) the interest of the absent defendant in participating, considering the extent to which a judgment may impede or impair the absent defendant from defending its interests in subsequent litigation, and (4) the interests of the courts and the public in complete, consistent and efficient settlement of controversies. <u>See</u> <u>Provident Tradesmens Bank & Trust Co. v. Patterson et al.</u>, 390 U.S. 102, 109-11 (1968) (denying 12(b)(7) motion largely because defendant did not raise non-joinder issue until <u>after completion of trial and judgment for plaintiff</u>).

1988) (same).  Indeed, "the law appears <u>very clear</u> that where the subsidiary is the primary

participant in a dispute involving both the parent and the subsidiary, the subsidiary is an

indispensable party."  <u>Lopez</u>, 684 F. Supp. at 1147 (citing <u>Freeman v. Northwest Acceptance</u>

<u>Corp.</u>, 754 F.2d 553 (5th Cir. 1985)) (emphasis added).

     Applying the factors noted above, it is clear that this action should not proceed in this

Court.  First, there is no prejudice to the Plaintiff in adding Capstar as the New York State courts

provide an adequate alternative forum for relief on her claim in the event of dismissal.  If Capstar

is joined as a party, and the action is subsequently dismissed, Plaintiff may simply refile all of

her claims, and pursue them in their entirety, in New York State court – where this action

rightfully belongs.  <u>Smith v. Kessner</u>, 183 F.R.D. 373 (S.D.N.Y. 1998) (noting that the

availability of an alternate, appropriate forum for the plaintiff may weigh most clearly in favor of

joinder of a diversity jurisdiction - defeating party and dismissal of the action); <u>Freeman v.</u>

<u>Northwest Acceptance Corp.</u>, 754 F.2d 553, 560 (5th Cir. 1985) ("[c]ourts have not hesitated to

dismiss cases in which a non-diverse subsidiary has been found an indispensable party,

especially when plaintiffs have an alternate forum in state courts.") (citations omitted); <u>see also</u>

<u>Felix Cinematrografica v. Penthouse Int'l, Ltd.</u>, 99 F.R.D. 167 (S.D.N.Y. 1983) (granting motion

to dismiss pursuant to Rule 12(b)(7) where unnamed party, who may be contracting party to

breach of contract claim, may be prejudiced by being excluded from lawsuit).

     Second, the existing defendants (CCC and CCB) have a significant interest, addressed

above, in avoiding multiple litigation or inconsistent relief.  <u>See</u> <u>supra</u> at 6-8.

     Moreover, Capstar, the absent party, has the greatest likelihood of prejudice if this action

is adjudicated in its absence, as the lawsuit directly concerns its own compensation.  As also

discussed above, Capstar would be prejudiced in subsequent litigation involving claims similar

to those raised in this action if this case proceeds without Capstar's participation.  <u>See</u> <u>supra</u> at 6-

8. There is no way to lessen or avoid that prejudice as there are no protective provisions that the court could craft to lessen the prejudice to Capstar or Defendants. See Shimkin v. Tompkins McGuire, Wachenfeld & Barry, 02 Civ. 9731, 2003 WL 21964959, at * 9 (S.D.N.Y. Aug. 19, 2003) (dismissing action pursuant to Rule 19 where prejudice could not be lessened for an unnamed party to an agreement forming the subject of the action because the unnamed party could not protect its rights); Global Discount Travel Servs., 960 F. Supp. at 710 (finding the interest of the parties and the public in efficient resolution of disputes, militates in favor of dismissal for failure to join). Specifically, any determinations in this case could have a preclusive effect in any subsequent litigation involving Capstar. Moreover, even absent preclusive effect, Capstar would suffer from the adverse precedential effect on its position in subsequent litigation.

Finally, as explained above, a judgment rendered in the absence of Capstar will not be adequate because it is Capstar (not CCC or CCB) that must be subject to any injunctive relief sought on behalf of current employees or putative class members in New York City.

In short, Plaintiff essentially asks this Court to pierce the corporate veil to impose liability on only the Clear Channel defendants – each a distant parent or affiliate of Capstar. Bick Aff. (Puma Aff., Ex. 2), ¶ 4. "However, it is axiomatic that a corporation is a 'creature of the law, endowed with a personality separate and distinct from that of its owners' and that the 'dual personality of parent and subsidiary is not lightly disregarded.'" Boise Cascade Corp., 419 F. Supp. at 102. The suggestion that Clear Channel is solely responsible for the wages of Capstar employees constitutes a "flippant disregard" for these principles of corporate identity. See id. "No doubt plaintiffs prefer to litigate in a federal court, and the addition of [a subsidiary] would destroy diversity jurisdiction. But that is hardly a justification for disregarding the corporate forms." Chesco Co. et al., 649 F. Supp. at 66. See also Felix Cinematografica, 99

F.R.D. at 172 (criticizing parties who seek to avoid the participation of other parties with a

significant interest in an action in an "attempt to manipulate jurisdiction . . . solely for the

purpose of retaining jurisdiction in the federal court") (internal citations omitted).  Indeed, the

Fifth Circuit has observed:

> The Freemans are by no means the first plaintiffs to use the alter
> ego doctrine in an attempt to avoid joinder of a nondiverse party.
> The tactic has met with singularly small success. . . . The plaintiffs
> have cited no cases to us and research has disclosed none where
> the courts have overlooked the separate identity of a wholly owned
> subsidiary in order to avoid being ousted of its diversity
> jurisdiction where that party is indispensable of needed for a full
> and fair adjudication of the controversy.

754 F.2d at 559 (internal citations omitted).

Where, as here, an absent party is necessary and indispensable, but cannot be joined for

jurisdictional reasons, the court must dismiss the action.

## II.    PLAINTIFF'S CLASS CLAIM UNDER THE LABOR LAW MUST BE DISMISSED BECAUSE IT VIOLATES SECTION 901(b) OF THE CPLR

CPLR 901(b) provides that where a claim is brought under a statute which creates or

imposes a penalty, the claim may not be maintained as a class action unless the statute

*specifically authorizes* the recovery of penalties thereunder in a class action.  N.Y. CPLR §

901(b) (2005).  Accordingly, New York state courts routinely deny class claims brought under

statutes which impose penalties and do not specifically authorize class action recovery.  See, e.g.,

Paltre et al. v. General Motors Corp., et al., 810 N.Y.S.2d 496 (2d Dep't 2006) (N.Y. General

Business Law § 340); Sperry v. Crompton Corp. et al. 810 N.Y.S.2d 498 (2d Dep't 2006) (N.Y.

General Business Law § 340); Rudgayzer & Gratt v. Cape Canaveral Tour and Travel, Inc. et al.,

799 N.Y.S.2d 795 (2d Dep't 2005) (federal Telephone Consumer Protection Act); Dornberger v.

Metropolitan Life Ins. Company et al., 182 F.R.D. 72 (S.D.N.Y. 1999) (N.Y. Ins. Law § 4226).

The outcome is no different in cases alleging violations of the Labor Law.  See, e.g., Ballard v.

Cmty. Home Care Referral Serv. Inc., 695 N.Y.S.2d 130 (2d Dep't 1999); Caruso v. Allnet Commc'ns Servs. Inc., 662 N.Y.S.2d 468 (1st Dep't 1997); Parker v. Equity Adver. Agency, Inc., Mar. 10, 1982 N.Y.L.J. 11, col. 2 (N.Y. County 1982).

This Court should follow these rulings of the New York Appellate Division, which are dispositive in the absence of a Court of Appeals decision. See Dibella v. Hopkins, 403 F.3d 102, 112 (2d Cir. 2005) (federal courts should be guided by state courts' application of the state laws at issue); Universal Accupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C., 370 F.3d 259, 263 fn. 5 (2d Cir. 2004) (federal courts are bound by state court interpretations of New York law); Blue Cross and Blue Shield of N.J., Inc. v. Philip Morris USA Inc., 344 F.3d 211, 220-21 (2d Cir. 2003) (federal courts are bound to apply state law as interpreted by New York courts); Pahuta v. Massey-Ferguson, Inc., 170 F.3d 125, 134 (2d Cir. 1999) (absent persuasive evidence that the New York court of appeals would reach a different conclusion, the Second Circuit and federal district courts are bound to apply New York state law as interpreted by New York intermediate appellate courts); In re Brooklyn Navy Yard Asbestos Litigation, 971 F.2d 831, 851 (2d Cir. 1992) (remanding case to district court to await guidance as to how to rule pending a decision from New York's 1st Dep't state appellate court on the issue in a similar case); Deeper Life Christian Fellowship, Inc. v. Sobol, 948 F.2d 79, 84 (2d Cir. 1991) (where a New York appellate court has construed a New York statute, its construction is binding on the Second Circuit absent persuasive data that New York's highest state court would decide otherwise).

A.      **CPLR Section 901(B) Bars Plaintiff's Class Claim Under The Labor Law.**

Plaintiff seeks to bring a class action for unlawful wage deductions under the Labor Law, which specifically provides for the recovery of liquidated damages but does not authorize class relief. See N.Y. Lab. Law § 198(a-1) (2005). Indeed, the Complaint specifically demands liquidated damages. Compl., Prayer For Relief ¶ (d).

It is well-settled that the liquidated damages provided for under the Labor Law constitute a penalty within the meaning of CPLR § 901(b).  See Carter v. Frito-Lay, Inc., 425 N.Y.S.2d 115, 116 (1st Dep't 1980) (barring Labor Law class action under CPLR § 901(b) because the liquidated damages provided for thereunder are a penalty), aff'd, 52 N.Y.2d 994 (1981); Woods v. Champion Courier, Oct. 9, 1998 N.Y.L.J. 26, col. 1 (Sup. Ct. N.Y. County 1998) (holding that the liquidated damages provided for under Labor Law were "punitive damages" and, thus, a "penalty" under CPLR § 901(b)).  The Labor Law does not, however, specifically authorize class actions as a recovery mechanism.  See NY CLS Labor § 1, et seq.  As a result, Plaintiff's Labor Law claim cannot be maintained as a class action.[6]

The decision in Carter, 425 N.Y.S.2d at 116, is precisely on point.  There, the First Department held, in a decision affirmed by the Court of Appeals, that a claim under the Labor Law could not be maintained as a class action because the statute "provides for liquidated damages and does not contain the necessary clause allowing these damages to be recovered in a class action."  Id.  New York appellate and lower courts have since repeatedly applied the principles espoused in Carter.  See, e.g., Ballard v. Cmty. Home Care Referral Serv. Inc., 695 N.Y.S.2d 130, 132 (App. Div. 2d Dep't 1999) (precluding Labor Law class action under CPLR § 901(b)); Caruso v. Allnet Commc'ns Servs. Inc., 662 N.Y.S.2d 468, 470 (App. Div. 1st Dep't 1997) (upholding denial of class certification pursuant to CPLR § 901(b)); Parker v. Equity Adver. Agency, Inc., Mar. 10, 1982 N.Y.L.J. 11, col. 2 (N.Y. County 1982) (finding that CPLR 901(b) precluded Plaintiffs from bringing a class action under the Labor Law).

---

[6]       In his May 19, 2006 letter to the Court, Plaintiff's attorney argued that Plaintiff has not yet moved for class certification and, therefore, any argument regarding the appropriateness of a class claim in this case is premature.  However, much of Plaintiff's Complaint focuses on her purported class claim and thus she has directly brought that issue before the Court.  Compl. ¶¶ 1, 9-14, 18, 24-25, 27-29, 31, 33-35, 38-39, 41-42.  There is no reason for the Court or the parties to expend the time and resources necessary to investigate Plaintiff's class claim, or to litigate a certification motion, when such a claim simply is not legally permissible in this case.

Moreover, a New York court reached this conclusion in essentially the same factual setting as presently at bar. In <u>Parker v. Equity Adver. Agency, Inc.</u>, Mar. 10, 1982 N.Y.L.J. 11 at col. 2, the named plaintiff was a commissioned salesperson who claimed that deductions from her commissions for losses, expenses and costs violated the Labor Law. <u>See id.</u> The court granted defendant's motion to dismiss, filed before the plaintiff moved for class certification, because CPLR § 901(b) bars class claims brought under the Labor Law. <u>See id.</u> (noting that the decision, like here, did not leave the plaintiff without a remedy because she could file an individual lawsuit).

Because the New York Labor Law mandates a penalty in the form of liquidated damages, but does not authorize the recovery of such damages in a class action, Plaintiff's class claim under the New York Labor Law is barred by CPLR § 901(b) and should be dismissed.

**B.      Plaintiff Cannot Avoid The Effect Of Section 901(b) By Attempting To Waive Her Claim For Liquidated Damages Under The New York Labor Law.**

This Court gave Plaintiff the opportunity to amend her Complaint on or before July 3, 2006 to waive her claim for liquidated damages. Plaintiff refused to do so. Accordingly, any attempt by Plaintiff to avoid the effect of § 901(b) by now seeking to waive liquidated damages should be rejected.

Moreover, even if Plaintiff had timely moved to waive any claim for liquidated damages, both federal and New York State law make clear that a statutory penalty may not be waived. The Seventh Circuit, for example, has held that treble damages available for antitrust violations of the Clayton Act may not be waived, and the Second Circuit has held that liquidated damages under the Fair Labor Standards Act may not be waived. <u>See Rogers v. City of Troy</u>, 148 F.3d 52, 59 fn. 6 (2d Cir. 1998); <u>Sun Theaters Corp. v. RKO Radio Pictures, Inc.</u>, 213 F.2d 284, 287 (7th Cir. 1954); <u>Locklin v. Day-Glo Color Corp.</u>, 429 F.2d 873 (7th Cir. 1970). New York State

courts have similarly held that statutory penalties may not be waived.  See Asher v. Abbott Labs., 737 N.Y.S.2d 4, 4 (App. Div. 2002) (treble damages under New York's Donnelly Act cannot be waived); Parker v. Equity Adver. Agency, Inc., Mar. 10, 1982 N.Y.L.J. 11, col. 2 (N.Y. County 1982) (liquidated damages under the Labor Law may not be waived in the class action context).

In Asher v. Abbott Labs, 737 N.Y.S.2d at 4, plaintiffs brought a claim under New York's Donnelly Act, which provides that "any person who shall sustain damages by reason of any violation of this section shall recover three-fold the actual damages sustained thereby. . . ." Gen. Bus. Law § 340(5).  The Appellate Division specifically held that "[p]rivate persons cannot bring a class action under the Donnelly Act because the treble damages remedy provided in General Business Law § 340(5) is a 'penalty' within the meaning of CPLR § 901(b), the recovery of which in a class action is not specifically authorized and the imposition of which cannot be waived." Id. (emphasis added); see also Cox v. Microsoft Corp., 737 N.Y.S.2d 1, 2 (App. Div. 1st Dep't 2002) (finding that treble damages under the Donnelly Act are penal in nature and mandatory, and thus refusing to allow a class action under CPLR § 901(b)); Rubin v. Nine West Group, Inc., No. 0763/99, 1999 WL 1425364, *2 (N.Y. Sup. Ct. Nov. 3, 1999) (holding that treble damages under the Donnelly Act are mandatory and cannot be waived); Russo & Dubin v. Allied Maintenance Corp., 407 N.Y.S.2d 617 (N.Y. Sup. Ct. 1978) (same); Leider v. Ralfe, 387 F. Supp. 2d 283, 288-89 (S.D.N.Y. 2005) (refusing to certify class action because statute at issue contained a penalty and no specific authorization of class actions).

Here, Section 198 of the Labor Law, pursuant to which Plaintiff seeks to recover attorneys' fees and liquidated damages (see Compl., Prayer for Relief), provides:

> In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee reasonable attorney's fees, and, upon a finding that the employer's failure to pay the wage

> required by this Article was willful, an additional amount as liquidated damages
> equal to twenty-five percent of the total amount of the wages found to be due.

N.Y. Lab. Law § 198(a-1) (emphasis added).  The plain, unambiguous language of the statute

leaves no question that the liquidated damages in § 198 are a penalty and that, upon a finding

that an employer's failure to pay the required wage was "willful", the Court "shall allow"

liquidated damages.  N.Y. Lab. Law § 198 (1-a) (2006) (emphasis added).  The United States

Supreme Court has observed that the term "shall" clearly reflects mandatory action.  See Board

of Pardons v. Allen, 482 U.S. 369, 377 (1987) ("Significantly, the Montana statute, like the

Nebraska statute, uses mandatory language ('shall') . . . ."); Hewitt v. Helms, 459 U.S. 460

(1983) (recognizing "shall" to be language "of an unmistakably mandatory character")

(overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 483-84 (1995)).[7]  Both the

Second Circuit and the New York Court of Appeals have reached the same conclusion.  See

Golden Pacific Bancorp v. FDIC, 375 F.3d 196, 202 (2004) (recognizing that the term "shall"

indicates the "statutes' mandatory language"); Losurdo v. Asbestos Free, Inc., 1 N.Y.3d 258, 265

(2003) ("The language is carefully crafted in that imposition of the penalty if mandatory ('shall')

. . . .").  See also Rubin, 1999 WL 1425364, at *5 (holding that the legislature's use of the word

"shall" in the Donnelly Act's treble damages provision renders such damages "mandatory").

These damages cannot be waived for strategic convenience.

Because the only New York appellate court to discuss the issue of a mandatory penalty

(the First Department in Asher and Cox) has twice ruled that there cannot be a waiver of

mandatory penalties under § 901(b) and, consequently, that any class action seeking such a

mandatory penalty should be dismissed under § 901(b), this Court should follow Asher and Cox,

---

[7]     Defendants provide the reference to Sandin only because other courts commonly cited
Sandin as having overruled Hewitt as to the appropriate analysis for evaluating the existence of a
"liberty interest."  However, the Court made clear in Sandin that it was not "technically"
overruling the Hewitt decision.  515 U.S. at 483 n.5.

and should not allow Plaintiff to waive the mandatory penalty in order to sidestep § 901(b).  See

Dibella v. Hopkins, 403 F.3d 102, 112 (2d Cir. 2005) (federal courts should be guided by state

courts' application of the state laws at issue); Univ. Acupuncture Pain Servs., P.C. v. Quadrino &

Schwartz, P.C., 370 F.3d 259, 263 fn. 5 (2d Cir. 2004) (federal courts are bound by state court

interpretations of New York law); Blue Cross and Blue Shield of N.J., Inc. v. Philip Morris USA,

Inc., 344 F.3d 211, 221 (2d Cir. 2003) (federal courts are bound to apply state law as interpreted

by the state's intermediate appellate courts absent persuasive evidence that the state's higher

court, which has not ruled on the issue, would reach a different conclusion); Pahuta v. Massey-

Ferguson, Inc., 170 F.3d 125, 134 (2d Cir. 1999) (absent persuasive evidence that the New York

court of appeals would reach a different conclusion, the Second Circuit and federal district courts

are bound to apply New York state law as interpreted by New York intermediate appellate

courts); In re Brooklyn Navy Yard Asbestos Litigation, 971 F.2d 831, 851 (2d Cir. 1992)

(remanding case to district court to await guidance as to how to rule pending a decision from

New York's 1st Dep't state appellate court on the issue in a similar case); Deeper Life Christian

Fellowship, Inc. v. Sobol, 948 F.2d 79, 84 (2d Cir. 1991) (where a New York appellate court has

construed a New York statute, its construction is binding on the Second Circuit absent persuasive

data that New York's highest state court would decide otherwise).[8]  Because Plaintiff brings a

claim under a statute which requires the imposition of a penalty, she may not waive that penalty

to avoid the dictates of CPLR 901(b).

        Moreover, even if liquidated damages under the Labor Law were waivable by an

individual plaintiff in order to avoid § 901(b), which they are not, Plaintiff and her counsel

cannot waive such damages on behalf of absent class members and still serve as an adequate

---

[8]        Significantly, New York's highest court affirmed the appellate division's ruling in Carter
v. Frito-Lay, Inc., 425 N.Y.S.2d 115 (1st Dep't 1980), aff'd, 52 N.Y.2d 994 (1981), in which the
Court applied § 901(b) to bar a class action under the Labor Law.

representative of a class. Indeed, courts in this Circuit and others have held that plaintiffs may not serve as adequate class representatives where plaintiffs and their counsel are willing to waive the rights of those they supposedly represent. See, e.g., In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig., 209 F.R.D. 323, 339-40 (S.D.N.Y. 2002) (finding that class members seeking only injunctive relief could not be adequate class representatives for absent class members with other claims for damages); Feinstein v. Firestone Tire and Rubber Co., 535 F. Supp. 595, 606 (S.D.N.Y. 1982) (holding that plaintiffs who pursue only some of the claims available to the class are not adequate representatives). See also Western States Wholesale, Inc. v. Synthetic Indus., Inc., 206 F.R.D. 271, 277 (C.D. Cal. 2002) (named plaintiff not adequate where only injunctive relief and disgorgement sought, not damages for lost sales or market share; "[a] class representative is not an adequate representative when the class representative abandons particular remedies to the detriment of the class"); Thompson v. Am. Tobacco Co., Inc., 189 F.R.D. 544, 550 (D. Minn. 1999) (class representatives inadequate where they waived personal injury damages and sought only a medical monitoring program); Small v. Lorillard Tobacco Co., 679 N.Y.S.2d 593, 601-02 (1st Dep't 1998) (plaintiffs who brought claims for fraud and deceptive business practices against tobacco companies, but did not bring claims for physical injury and emotional distress arising from addition to cigarettes, were not adequate representatives), aff'd, 94 N.Y.2d 43 (1999); Tegnazian v. Consol. Edison, Inc., 730 N.Y.S.2d 183, 187-88 (N.Y. Sup. Ct. 2000) (holding that named residential plaintiffs did not adequately represent that putative class where they did not assert any personal injury claims arising out of a blackout); Janik v. Rudy, Exelrod & Zieff, 119 Cal.App.4th 930, 938 (2004) (malpractice claim against class counsel could be pursued for omitting an important claim; "those who assume the responsibility of pursuing claims on behalf of a class assume the duty to protect all claims that class members would reasonably expect to be asserted") (emphasis added); City of San Jose v.

Superior Court, 12 Cal.3d 447, 464 (1974) ("The plaintiffs here inadequately represent the alleged class because they fail to raise claims reasonably expected to be raised by the members of the class and thus pursue a course which, even should the litigation be resolved in favor of the class, would deprive class members of many elements of damage.").

Applying this rule of law, "[a]ttempts by plaintiffs to get around CPLR 901(b) by waiving the liquidated damages remedy have been rejected by courts as undermining putative lead plaintiffs' ability to represent others who have a statutory right to the remedy." Foster v. The Food Emporium, No. 99 CIV 3860, 2000 U.S. Dist. LEXIS 6053, *9 fn. 3 (S.D.N.Y. Apr. 26, 2000) (rejecting attempt to amend complaint to add class claims under the New York Labor Law); see also Woods v Champion Courier, Inc., Oct. 9, 1998 N.Y.L.J. 26 at col 1 (Sup Ct, NY County) (holding that CPLR § 901(b) precluded class action mechanism to recover liquidated damages under Labor Law § 198); Bradford v. Olympic Courier Sys., Inc., slip. Op. at 5 (Sup. Ct. Kings County, March 26, 1997) (holding that plaintiffs "are without authority to waive liquidated damages on behalf of the members of the class they seek to represent" as that would render them inadequate class representatives); Parker v. Equity Advertising Agency, Inc., Mar. 10, 1982 N.Y.L.J. at 11 (Sup. Ct. N.Y.Cty. 1982) (dismissing class action seeking liquidated damages under § 198 after holding that "any attempt to waive the right to a statutory penalty to avoid CPLR § 901(b) is impermissible"). As the court reasoned in Woods v. Champion Courier, Inc., Oct. 9, 1998 N.Y.L.J. 25 at col. 1, "it is difficult to see how a class representative can 'fairly and adequately' represent the class if he has not at least investigated the possibility for another and better means of vindicating the class' rights." Id.

Nor does simply encouraging putative class members to opt-out of the litigation if they wish to pursue the full remedies available to them render class representatives adequate, where those representatives seek a less than full complement of remedies. "The ability to opt out of the

class is insufficient to protect the rights of putative class members who would want to seek remedies other than those chosen by the representatives." Clark v. Experian Information Solutions, Inc., Nos. Civ. A.8:00-1217-24, 2001 WL 1946329, at *4 (D.S.C. Mar. 19, 2001) (citing Small v. Lorillard Tobacco Co., 679 N.Y.S. 2d 593, 601-02 (App. Div. 1998)).

Because Plaintiff cannot be an adequate representative if she were to try to waive the claims of absent class members for liquidated damages, her state law class claim must be dismissed.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Complaint be dismissed for failure to join an indispensable party, and, in the alternative, that Plaintiff's purported class claim be dismissed because it is barred by CPLR § 901(b).

Dated: New York, New York
       July 14, 2006

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: _____
    Christopher Parlo (CP-4310)
    Michael J. Puma (MP 5573)

101 Park Avenue
New York, NY  10178
(212) 309-6000
Fax:  (212) 309-6001
E-Mail:   cparlo@morganlewis.com
          mpuma@morganlewis.com

*Attorneys for Clear Channel Communications, Inc.
and Clear Channel Broadcasting, Inc.*